UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL RHINE,<br><br>               Plaintiff,<br><br>    v.<br><br>DML CAPITAL, INC.; DML CAPITAL MANAGEMENT, LLC; DML CAPITAL MORTGAGE FUND, LLC; CAMPOS FINANCIAL CORP., an entity; LIONSCOVE, INC.; LIONSCOVE MANAGEMENT, LLC; and LIONSCOVE FUND I, LLC,<br><br>               Defendants. | CASE NO. 2:25-cv-00107-JNW<br><br>ORDER DENYING MOTION TO REMAND |

This matter comes before the Court on Plaintiff Daniel Rhine's Motion to Remand (Dkt. No. 13.) Having considered the Motion, Defendants' response (Dkt. No. 14), the reply (Dkt. No. 16), the sur-reply (Dkt. No. 18), and all supporting materials, the Court DENIES the Motion.

**BACKGROUND**

Plaintiff is a former employee of Defendants DML Capital, Inc., Capital Management, LLC, DML Capital Mortgage Fund, LLC, Lionscove, Inc., Lionscove Management, LLC, and

Lionscove Fund I, LLC ("DML Capital" or "Lionscove"). (Complaint (Dkt. No. 1-1) ¶¶ 4.1–4.2.) Plaintiff was terminated by DML Capital on October 15, 2021. (Compl. ¶¶ 4.22, 4.29.) Plaintiff brought suit claiming that his termination constituted impermissible retaliation and discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq., the Americans with Disabilities Act of 1990, 42 U.S.C § 12101 et seq., and the Washington Law Against Discrimination, RCW § 49.60 et seq. (Compl. ¶¶ 5.1–5.32.)

On October 7, 2024, Plaintiff initiated his lawsuit in King County Superior Court. That same day, Plaintiff sent the summons and complaint to Leonard via email. (Dkt. No. 3-1 at 70.) Plaintiff also used the King County Superior Court's E-Filing portal to designate Liam Leonard, the CEO of and Registered Agent for Defendant Lionscove, Inc., to receive electronic service of documents related to this matter. (See Mot. at 6; Dkt. No. 13-6.) Upon being designated by Plaintiff, Leonard received a confirmation email from King County Superior Court instructing him to "confirm that you are the owner of this account and that you wish to accept and activate E-Service in the specified case by clicking" a hyperlink accompanying the words "Accept E-Service." (Declaration of Liam Leonard (Dkt. No. 15) ¶¶ 3–5; Ex. A.) Defendants concede that Leonard clicked on the link. (Opp. at 7.)

On December 16, 2024, Plaintiff attempted to serve Leonard with the summons and complaint via the King County Superior Court e-filing portal. (Mot. at 6; Dkt. No. 13-5.) Then on December 31, 2024, Plaintiff's process server personally served DML Capital with the summons and complaint at DML Capital's offices in Redmond, Washington. (Dkt. 3-1 at 87.) That same day, Plaintiff mailed a copy of the summons and complaint to Defendant Campos Financial Corporation, which is located in California. (See Dkt. No. 3-1 at 90–93.)

1  On January 16, 2025, DML Capital removed the Complaint to federal court under the
2  federal removal statute, 28 U.S.C. § 1446, on the basis that because Plaintiff brings claims based
3  in federal law, the federal court has "original jurisdiction of all civil actions arising under the
4  Constitution, laws, or treaties of the United States." (See Notice of Removal (Dkt. No. 1.) ¶¶ 10–
5  13 (citing 28 U.S.C. § 1331).)

## ANALYSIS

Plaintiff now moves to remand the case to King County Superior Court on four grounds: (1) the Notice of Removal was untimely; (2) not all defendants joined in the removal; (3) the Court lacks subject matter jurisdiction; and (4) a local controversy exception exists that precludes removal. The Court notes that Plaintiff is a pro se litigant. While Court must liberally construe filings by pro se litigants, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("A document filed pro se is 'to be liberally construed.'") (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)), "pro se litigants, whatever their ability level, are subject to the same procedural requirements as other litigants," Muñoz v. United States, 28 F.4th 973, 978 (9th Cir. 2022). The Court addresses Plaintiffs arguments below.

**A.  Timeliness**

A notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b)(1). "Actual notice of the action is insufficient; rather, the defendant must be 'notified of the action, and brought under a court's authority, by formal process,' before the removal period begins to run." Quality Loan Serv. Corp. v. 24702 Pallas Way, Mission Viejo, CA 92691, 635 F.3d 1128, 1133 (9th Cir. 2011) (quoting Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347,

(1990)); see also, Anderson v. State Farm Mut. Auto. Ins. Co., 917 F.3d 1126, 1130 (9th Cir. 2019).

Plaintiff argues that Defendants' removal was untimely because the removal period began to run on October 7, 2024, when Leonard accepted e-service of the summons and complaint. (Mot. at 6.) The Court disagrees.

In Washington, a party must be first served with the "original" summons and complaint under Civil Rule 4. See Jones v. Stebbins, 122 Wn.2d 471, 476 (1993) ("CR 4 controls service of the original summons and complaint.") Civil Rule 4(d) allows for the service of the original complaint via personal service (i.e., delivering a copy of the documents to the defendant or their agent), via publication, or, in rare circumstances, by postal mail. Wash. Civ. R. 4(d)(2)–(4). After the original complaint is served, parties may serve briefs and other papers under the guidelines set forth in Washington Civil Rule 5. Jones, 122 Wn.2d at 476 ("CR 5 applies to the "service and filing of pleadings and other papers other than the original complaint."). And while CR 5(b)(7) allows for a party to consent to service via "electronic means," CR 4 does not.

Other than Civil Rule 4, Washington litigants must substantially comply with RCW § 4.28, see Martin v. Triol, 121 Wn.2d 135, 144 (1993), which "enumerates the means in which effective service of process can be made in Washington in order to satisfy due process requirements," Matter of Marriage of Jayagaran, 15 Wn.App.2d 1033, 2020 WL 6869990 at *2 (2020). RCW § 4.28.080(9) allows service of process to be made on a corporation by personally serving, among others, "the president or other head of the company or corporation." Notably, RCW § 4.28 "does not provide for service by e-mail." Marriage of Jayagaran, 2020 WL 6869990 at *2.

1    Plaintiff argues that because Leonard consented to electronic service, the original

2 summons and complaint were properly served on either October 7, 2024—when Plaintiff

3 emailed the documents to Leonard—or December 16, 2024—when Plaintiff sent the documents

4 via the King County e-filing application. Plaintiff relies on King County Superior Court General

5 Rule 30(b)(4)(B)(i), which states that electronic service "via the e-service feature within the

6 Clerk's online eFiling application . . . constitutes service under CR 5." However, this same rule

7 "does not apply when a statute or rule requires that a document be personally served on the

8 receiving party." LGR 30(b)(4)(B)(i). Because both Washington Civil Rule 4 and RCW §

9 4.28.080(9) require personal service of an original complaint, Defendants could not have been

10 served with the original complaint through e-service on Leonard on either October 7 or

11 December 16. Instead, the Court finds that personal service of the original complaint was

12 accomplished on December 31, 2024, when Bingham was personally served at the DML Capital

13 offices. (Dkt. No. 3–1, Ex. M.)

14    Accordingly, the Court finds that Defendants' removal on January 16, 2025, was timely

15 under 28 U.S.C. § 1446(b)(1).

16 **B.**    **Joinder**

17    Plaintiff next argues that removal was improper because Defendant Campos did not join

18 in the removal. (Mot. at 7–8.) The Court disagrees. "All defendants who have been 'properly . . .

19 served in the action' must join a petition for removal." Destfino v. Reiswig, 630 F.3d 952, 956

20 (9th Cir. 2011) (quoting 28 U.S.C. § 1446(a)). As an initial matter, the Court finds that Plaintiff's

21 use of certified mail does not constitute original service on Campos. Personal service of an out-

22 of-state resident is "valid only when an affidavit is made and filed to the effect that service

23 cannot be made within the state." RCW § 4.28.185(4). Similarly, service on an entity may be

24

made via certified mail when "a represented entity ceases to have a registered agent, or if its registered agent cannot with reasonable diligence be served." RCW § 23.95.450. Plaintiff has submitted no affidavit or supporting declaration to show that he either attempted to serve Campos within Washington or was otherwise reasonably diligent in his efforts to serve Leonard, Campos' registered agent. But even if Campos was properly served at the time of removal, this would not be reason to remand the case back to state court. See Soliman v. Philip Morris Inc., 311 F.3d 966, 970 (9th Cir. 2002) ("[A] procedural defect existing at the time of removal but cured prior to entry of judgment does not warrant reversal and remand of the matter to state court.").

## C.   Subject Matter Jurisdiction

Plaintiff next argues that removal was improper because this Court lacks subject matter jurisdiction his state law claim. (Mot. at 8.) The Court disagrees. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Id. (citing Gully v. First National Bank, 299 U.S. 109, 112–113 (1936)). Here, Plaintiff's first, third, and fifth causes of action allege that Defendants violated both federal and state discrimination laws. (See Compl. ¶¶ 5.1–5.6, 5.12–5.18, 5.26–5.32.) His second claim alleges violation of only federal law. (See Compl. ¶¶ 5.7–5.11) The Court concludes that it is clear from the face of Plaintiff's complaint that there is a federal question, and therefore this Court has subject matter jurisdiction over the dispute.

**D.  State and Federal Law**

Plaintiff's final argument appears to concern whether the federal court is capable of adjudicating the issue given potential differences between state and federal law. (Mot. at 8.) Specifically, Plaintiff attempts to argue that because "employer" and "Connected Corporation" are defined differently under state and federal law, that the state court is the proper forum for his claims. (Id. at 8–9.) The Court is unconvinced that it is incapable of adjudicating this matter due to any definitional differences. Indeed, courts in this district are "fully capable of deciding" such "routine issues of state law." Seneca Ins. Co., Inc. v. Strange Land, Inc., 862 F.3d 835, 844 (9th Cir. 2017) (discussing abstention). Accordingly, remand is not warranted here.

**CONCLUSION**

Plaintiff properly served DML Capital with the original summons and complaint on December 31, 2024. Accordingly, the Court finds that DML Capital's removal on January 16, 2025, was timely. The remainder of Plaintiff's arguments in favor of remand are unavailing. Therefore, the Court DENIES Plaintiff's Motion.

The clerk is ordered to provide copies of this order to all counsel.

Dated April 18, 2025.

Marsha J. Pechman
United States Senior District Judge