UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL RHINE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DML CAPITAL, INC.; DML CAPITAL MANAGEMENT, LLC; DML CAPITAL MORTGAGE FUND, LLC; CAMPOS FINANCIAL CORP.; LIONSCOVE, INC.; LIONSCOVE MANAGEMENT, LLC; LIONSCOVE FUND I, LLC,<br><br>　　　　　Defendants. | CASE NO. 2:25-cv-00107-JNW<br><br>ORDER |

This matter comes before the Court on pro se Plaintiff Daniel Rhine's motion for reconsideration of the Court's denial, at Dkt. No. 20, of Rhine's motion, at Dkt. No. 13, to remand this action to King County Superior Court. Dkt. No. 22. For the reasons explained below, the motion for reconsideration is DENIED.

"'Motions for reconsideration are disfavored,' LCR 7(h)(1), and 'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH*

**ORDER** - 1

*& Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir.1999)). "Whether… to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

Rhine seeks reconsideration of the Court's order denying his motion to remand on grounds of alleged legal error. *See* Dkt. No. 22 at 2. According to Rhine, the Court erred in rejecting his argument that "Defendants' removal was untimely because the removal period began to run on October 7, 2024, when [the registered agent of Defendant Lionscove, Inc.] accepted e-service of the summons and complaint." *See* Dkt. No. 20 at 4. Rhine argues that the Court failed to properly apply Washington State Civil Rule 5(b)(7), which authorizes service "by delivering a copy by any other means, including facsimile or electronic means, consented to in writing by the person served or as authorized under local court rule." Dkt. No. 22 at 3; *see* Wash. Civ. R. 5(b).

This argument is not new. The Court soundly rejected it in its prior Order, explaining that Washington Civil Rule 4, not 5, governs service of the original complaint and summons—"[a]nd while CR 5(b)(7) allows for a party to consent to service via 'electronic means,' CR 4 does not." Dkt. No. 20 at 4 (quoting Wash. Civ. R. 5(b)(7)). This conclusion stands. Under the proper application of Rule 4, "personal service of the original complaint was accomplished on December 31, 2024." *Id.* at 5. "Accordingly, the Court finds that Defendants' removal on January 16, 2025, was timely under 28 U.S.C. § 1446(b)(1)." *Id.*

**ORDER** - 2

Because Rhine raises no valid grounds for reconsideration, his motion is DENIED. Dkt. No. 22. The deadlines set forth in the Court's initial scheduling order remain binding on the Parties. *See* Dkt. No. 21.

It is so ORDERED.

Dated this 5th day of May, 2025.

Jamal N. Whitehead
United States District Judge

ORDER - 3