UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL RHINE,<br><br>     Plaintiff,<br><br>  v.<br><br>DML CAPITAL, INC.; DML CAPITAL MANAGEMENT, LLC; DML CAPITAL MORTGAGE FUND, LLC; CAMPOS FINANCIAL CORP.; LIONSCOVE, INC.; LIONSCOVE MANAGEMENT, LLC; LIONSCOVE FUND I, LLC,<br><br>     Defendants. | CASE NO. 2:25-cv-00107-JNW<br><br>ORDER |

## 1.   INTRODUCTION

Pro se Plaintiff Daniel Rhine moves for authorization to serve Defendant Campos Financial Corporation ("Campos") by publication and for additional time to perfect service. Dkt. Nos. 28, 31. Campos, a California corporation, is the only unserved defendant following removal of this employment discrimination case. While Rhine properly served all Washington-based defendants before removal, his attempted service on Campos by certified mail failed to comply with applicable law.

ORDER - 1

*See* Dkt. No. 20 at 5–6. For the reasons below, the Court DENIES the motion for service by publication but GRANTS a limited and final extension to serve Campos.

## 2. BACKGROUND

In October 2024, Rhine sued Defendants in state court for wrongful termination, alleging retaliation and discrimination based on sex, marital status, and disability. Dkt. No. 1-1. On December 31, 2024, Rhine personally served defendants DML Capital, Inc; DML Capital Management, LLC; DML Capital Mortgage Fund, LLC; Lionscove, Inc.; Lionscove Management, LLC; and Lionscove Fund I, LLC. Dkt. Nos. 28-1 ¶ 11; 31 at 2. That same day, Rhine tried to serve Campos—a California corporation—by certified mail. Dkt. No. 28-1 ¶ 12.

On January 16, 2025, all defendants who had been served removed this case to federal court. Dkt. No. 1. Rhine moved to remand, arguing in part that removal was improper because Campos had not joined the removal petition as required by law. Dkt. No. 11 at 6–7. The served defendants responded that Campos was not required to join removal because it had never been properly served. Dkt. No. 1 at 2–3.

On April 18, 2025, U.S. District Judge Marsha Pechman denied Rhine's motion to remand. Dkt. No. 20. The Court held that removal was proper because all properly served defendants had joined the petition. *Id.* at 5. The Court found that "Plaintiff's use of certified mail does not constitute original service on Campos." *Id.* The Court explained that personal service of an out-of-state resident requires an affidavit showing that service cannot be made within the state, and Rhine had

ORDER - 2

submitted no such affidavit. *Id.* at 5–6. Rhine moved for reconsideration, which this Court denied on May 5, 2025. Dkt. No. 23.

After the April and May 2025 orders, Rhine continued to maintain that he had properly served Campos. On June 4, 2025, Rhine filed a joint status report stating that service on Campos had been accomplished. Dkt. No. 24 at 2. On July 15, 2025, the Court held a status hearing at Rhine's request. During that hearing, Rhine again contended that his December 2024 certified mail constituted valid service. The Court reminded Rhine that it had already ruled on this issue and advised him to file a motion if he sought additional relief regarding service. Dkt. No. 28-1 ¶ 14.

Following the July 15 hearing, Rhine hired a process server to attempt personal service on Campos in California. Between July 18 and July 23, 2025, the process server made four attempts at two addresses Campos had provided to the California Secretary of State in June 2025. Dkt. Nos. 28-1 ¶¶ 15–19; 28-4; 28-5; 28-6.

At the first address—15650 Devonshire Street, Suite 202, Granada Hills, California—the process server found the building closed with no access on July 18, 2025. Dkt. No. 28-5 at 2. On July 21, a person identifying themselves as "the person in charge" stated the "subject [had] moved" and "no longer work[ed] there." *Id.*

At the second address—11233 Victory Boulevard, North Hollywood, California—there was no answer on July 22, 2025. Dkt. No. 28-6 at 2. On July 23, the process server found the property vacant. *Id.* A neighboring business owner reported that the space had been unoccupied "for a long time" and was listed for sale. *Id.*

ORDER - 3

On July 25, 2025, Rhine filed a motion for authorization to serve Campos by publication in California. Dkt. No. 28. On August 7, 2025, Rhine filed a motion titled "Motion for Extension of Deadline to Join Additional Parties," seeking a 60-day extension and authorization for service by publication. Dkt. No. 31 at 7.

### 3.  LEGAL STANDARD

When a plaintiff has not served a defendant with process before removal, "the district court has no power to complete the [state] service. Rather, the court must issue new process" according to the Federal Rules of Civil Procedure. *Richards v. Harper*, 864 F.2d 85, 87 (9th Cir. 1988) (citation omitted); 28 U.S.C. § 1448.

The Federal Rules require plaintiffs to serve a summons and complaint on defendants "within the time allowed by Rule 4(m)." Fed. R. Civ. P. 4(c)(1). Rule 4(m) requires defendants to be served within 90 days "after the complaint is filed." The 90-day deadline applies to service after removal. *Whidbee v. Pierce Cnty.*, 857 F.3d 1019, 1023 (9th Cir. 2017) (citing Fed. R. Civ. P. 81(c)(1)).

A corporation may be served as an individual or by delivering a copy of the summons and complaint to an officer, managing or general agent, or any other agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(h)(1)(B). Alternatively, a corporation may be served as an individual under the law of the state where the district court is located or where service is made. *Id.* 4(e)(1), (h)(1)(A).

Plaintiffs who fail to serve the complaint and summons within 90 days after filing "must show good cause" for the failure. *Boudette v. Barnette*, 923 F.2d 754,

755–56 (9th Cir. 1991) (internal quotation marks and citations omitted). Good cause requires, at minimum, a showing of excusable neglect. *Id.* at 756. "[A]bsent a showing of good cause," the Court has discretion to dismiss the case without prejudice or order service within a specified time. *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001) (citation omitted); Fed. R. Civ. P. 4(m).

## 4. DISCUSSION

Rhine seeks authorization to serve Campos by publication and additional time to perfect service. Dkt. Nos. 28, 31. These motions are interrelated: Rhine requests publication as his preferred method of service and seeks an extension to accomplish it. The Court addresses each motion in turn.

### 4.1 Rhine fails to show that service on Campos by publication is justified.

No Federal Rule of Civil Procedure authorizes service by publication. *Indian Hills Holdings, LLC v. Frye*, 337 F.R.D. 293, 297 (S.D. Cal. 2020). A plaintiff seeking to serve a defendant by publication must look to Rule 4(e)(1), which allows service under state law. *Id.* Because Campos is in California, California law governs.

California Code of Civil Procedure § 415.50 permits service by publication only when "upon affidavit it appears to the satisfaction of the court . . . that the party to be served cannot with *reasonable diligence* be served in another manner specified in this article." Cal. Civ. Proc. Code § 415.50(a) (emphasis added). Service by publication is a "last resort if the other methods of service (e.g., personal

ORDER - 5

delivery, substituted service, service by mail) have failed." *Indian Hills*, 337 F.R.D. at 298–99.

Reasonable diligence requires "'[t]wo or three attempts to personally serve a defendant at a proper place,'" plus an attempt to serve the defendant "by at least one other method." *Id.* at 301 (citations omitted) (quoting *Rodriguez v. Cho*, 187 Cal. Rptr. 3d 227, 232 (Cal. Ct. App. 2015)). A plaintiff's search for a "proper place" requires "a thorough, systematic investigation and inquiry conducted in good faith by the party." *Id.* at 300–01 (quoting *Kott v. Superior Ct.*, 53 Cal. Rptr. 2d 215, 221 (Cal. Ct. App. 1996)).

For corporate defendants, California law provides multiple methods of service beyond personal delivery. A summons and a complaint may be served on a corporation by delivering a copy to a designated agent or to an officer, manager, or other person authorized to receive service. Cal. Civ. Proc. Code § 416.10; *Indian Hills*, 337 F.R.D. at 298. When officers or agents cannot be found after a reasonably diligent search, the summons and complaint may be served by delivery to the California Secretary of State. Cal. Civ. Proc. Code § 416.10(d); Cal. Corp. Code § 1702; *see also Indian Hills*, 337 F.R.D. at 298, 306 n.9. Strict compliance with these statutes is required when substituted or constructive service is attempted. *Indian Hills*, 337 F.R.D. at 299 (citations omitted).

As detailed above, Rhine made four attempts at personal service at two California addresses between July 18 and July 23, 2025, all of which failed. Dkt. Nos. 28-1 ¶¶ 15–19; 28-4; 28-5; 28-6. Rhine also conducted a skip trace but found no alternative locations. Dkt. No. 28-1 ¶ 27. Rhine's December 2024 certified mail

attempt in state court cannot constitute an effort to effect service under the Federal Rules. *Beecher v. Wallace*, 381 F.2d 372, 373 (9th Cir. 1967) ("[W]here the defendant has never been put on notice of the state court proceeding prior to removal . . . the federal court must issue new process."). Rhine has therefore attempted to serve Campos only by personal delivery.

While Rhine documents his thorough investigation to locate proper addresses for personal service, Dkt. No. 28-1 ¶¶ 5–28, these searches do not constitute alternative "manners" of service. California law authorizes service by publication when the party cannot be served by "another manner specified in this article." Cal. Civ. Proc. Code § 415.50(a). Rhine was reasonably diligent in searching for addresses, but not in attempting diverse manners of service.

Rhine argues that service through the California Secretary of State would be "meaningless" and too expensive. Dkt. Nos. 28 at 7–8; 28-1 ¶ 29. Service on the Secretary of State is expressly authorized when "the agent designated cannot with reasonable diligence be found . . . or if no agent has been designated." Cal. Corp. Code § 1702; *see also Indian Hills*, 337 F.R.D. at 298. This appears to be the next logical step. But no matter if Rhine believes this method would be futile, he cannot dispense with "strict compliance" with California statutes when substituted or constructive service is attempted. *Indian Hills*, 337 F.R.D. at 299 (citations omitted).

Service on the Secretary of State is one of many alternative methods besides personal delivery. *See* Cal. Civ. Proc. Code §§ 415.10-.50. California law authorizes service by publication only when a defendant cannot be served by another

ORDER - 7

"manner"—meaning the last available option. *Indian Hills*, 337 F.R.D. at 298–99. Rhine has not attempted service through the Secretary of State, substituted service, or other statutorily prescribed methods. He thus fails to satisfy California's requirement for service by publication. The motion is DENIED. Dkt. No. 28.

**4.2    The Court grants Rhine a limited extension to serve Campos.**

Rhine also requests more time to serve Campos. Dkt. No. 31. The Court construes this motion—titled "Motion for Extension of Deadline to Join Additional Parties"—as seeking an extension of time to effect service, as Campos is already a named defendant.

The deadline to serve defendants after removal was April 16, 2025—90 days after removal on January 16, 2025. *Whidbee*, 857 F.3d at 1023. Rhine must therefore show good cause for the delay. *Boudette*, 923 F.2d at 755–56. Good cause requires, at minimum, excusable neglect. *Id.* at 756.

Rhine contends he maintained a sincere belief that he had properly served Campos until the July 15, 2025, hearing, and argues good cause exists because he was confused about prior orders, uncertain whether Campos was a separate entity, and is proceeding pro se. Dkt. Nos. 28-1 ¶ 14; 36 at 5–6. But Rhine was on notice of deficient service by at least April 18, 2025, when Judge Pechman ruled his certified mail service "does not constitute original service on Campos." Dkt. No. 20 at 5. The Court reiterated this on May 5, 2025. Dkt. No. 23. Rhine took no action for three months. Pro se status does not excuse untimely service. *Bryant v. Rohr Indus., Inc.*, 116 F.R.D. 530, 533 (W.D. Wash. 1987). Rhine fails to show good cause.

The Court nonetheless exercises its discretion to grant a limited extension. *In re Sheehan*, 253 F.3d at 513. Rhine's employment discrimination claims may face a statute of limitations bar, Dkt. No. 1-1 at 9; *Adler v. Fred Lind Manor*, 103 P.3d 773, 786 (Wash. 2004), and the August 2026 trial date suggests minimal prejudice to defendants, Dkt. No. 25. And Rhine is pro se, timely served all Washington defendants before removal, and has made documented efforts to serve Campos, Dkt. Nos. 28-1; 28-4; 28-5; 28-6; 28-7. *See Vermillion v. City of Lacey*, No. 3:17-cv-5514-RJB, 2018 WL 571504, at *2 (W.D. Wash. Jan. 25, 2018).

Rhine has 30 days to serve Campos by a method other than personal delivery, as California law requires diverse manners of service before publication may be authorized. Should Rhine fail to serve Campos in compliance with applicable law within 30 days, his claims against Campos will be dismissed.

The motion is GRANTED IN PART. Dkt. No. 31.

### 5.   CONCLUSION

In sum, Rhine's Motion to serve Campos by publication is DENIED, Dkt. No. 28, and his Motion for additional time to serve Campos is GRANTED IN PART, Dkt. No. 31. Rhine has 30 days from the date of this order to serve Campos in compliance with Federal Rule of Civil Procedure 4 and California law. Rhine must serve Campos by a method other than personal delivery. Methods permitted under California law include, but are not limited to, service through the California Secretary of State under California Corporations Code § 1702.

Rhine must file proof of service with the Court within 30 days of this order. Failure to file proof of service by that date will result in dismissal without prejudice of all claims against Campos, without further notice.

Dated this 16th day of October, 2025.

*[signature]*

Jamal N. Whitehead
United States District Judge

ORDER - 10