UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DANIEL RHINE,

                    Plaintiff,

        v.

DML CAPITAL, INC.; DML CAPITAL
MANAGEMENT, LLC; DML CAPITAL
MORTGAGE FUND, LLC; CAMPOS
FINANCIAL CORP.; LIONSCOVE,
INC.; LIONSCOVE MANAGEMENT,
LLC; LIONSCOVE FUND I, LLC,

                    Defendants.

CASE NO. 2:25-cv-00107-JNW

ORDER

This matter comes before the Court on several motions filed by Plaintiff Daniel Rhine: (1) a "motion for order authorizing second extension of time to perform service [of Defendant Campos Financial Corporation] via California Secretary of State," Dkt. No. 40; (2) an "ex parte motion for clerk to sign and stamp summons to California Secretary of State," Dkt. No. 44; and (3) a "motion for extension of time of all docket 25 scheduling dates," Dkt. No. 46. Rhine's reply in support of Dkt. No. 46, filed at Dkt. No. 52, also includes a motion to strike

ORDER - 1

Defendants' opposition at Dkt. No. 49. For the reasons below, all motions are DENIED.

On October 16, 2025, the Court granted Rhine a "limited and final" 30-day extension to serve Campos by a method other than personal delivery, in compliance with Federal Rule of Civil Procedure 4 and California law. Dkt. No. 39 at 2, 9. The Court warned that failure to serve Campos and file proof of service within 30 days would result, without further notice, in dismissal without prejudice of all claims against Campos. *Id.* at 9.

The deadline to serve and file proof of service expired on November 17, 2025.[1] Rhine did not file proof of service by that date.

Rhine's primary attempt to serve Campos was to deliver a copy of the summons and complaint to the California Secretary of State's office on October 30, 2025. Dkt. No. 40-2. This attempt failed for two reasons.

First, service on the Secretary of State under California Corporations Code § 1702(a) requires a prior court order. Specifically, § 1702(a) provides that the court "may make an order" authorizing such service only after the plaintiff demonstrates, by affidavit and to the court's satisfaction, that process cannot be served with reasonable diligence on the corporation's designated agent. Rhine didn't obtain an order before delivering documents to the Secretary of State. Nor did he file the

---

[1] The Order granting Rhine a final 30-day extension to serve Campos and file a proof of service was issued on October 16, 2025. Thirty days from October 16, 2025, is November 15, 2025, which was a Saturday. Under the computation of time rules in Local Civil Rule 6, the deadline to serve was thus continued to November 17, 2025.

ORDER - 2

required affidavit. To the extent the Court's prior order identified service through the Secretary of State as among the methods "permitted under California law," Dkt. No. 39 at 9, that reference did not constitute a § 1702(a) order authorizing such service—it identified § 1702 as an available service mechanism, subject to its own prerequisites. The Secretary of State's office rejected Rhine's submission for this reason. Dkt. No. 43-3.

Second, the summons Rhine delivered did not satisfy California Code of Civil Procedure § 412.20(a), which requires that a summons be "signed by the clerk, and issued under the seal of the court in which the action is pending." *Id.* The Secretary of State's office pointed this out as well. *Id.*

Rhine also attempted to serve Campos by certified mail under California Code of Civil Procedure § 415.30 on November 17, 2025—the day of this Court's service deadline. Service under § 415.30 is not complete until the person served executes a written acknowledgment of receipt and returns it to the sender. Rhine has presented no evidence of such acknowledgment.

Rhine's motion for the Clerk to sign and stamp a California-form summons, Dkt. No. 44, sought to cure the deficiencies identified above. But it was filed on December 11, 2025, nearly a month after the service deadline expired. Because the Court declines to grant a further extension of time, this motion is denied as moot.

Rhine also moves to extend all scheduling dates under Dkt. No. 25, arguing that an extension is warranted due to Campos's alleged "avoidance of service of process." Dkt. No. 46. Rhine's failure to serve Campos is not good cause under the civil rules to extend *all* deadlines, including those that apply to the properly served

ORDER - 3

defendants who are actively litigating this case. *See* Fed. R. Civ. P. 6(b); LCR 16(b)(6). In any event, the parties have already stipulated to extend the discovery deadlines in this matter. *See, e.g.*, Dkt. Nos. 54–56. The Court does not find good cause to modify the scheduling order further.

Finally, Rhine's motion to strike Defendants' opposition at Dkt. No. 49 on timeliness, Federal Rule of Evidence 408, and conclusory-statement grounds is DENIED. Even if the opposition were stricken in its entirety, the Court would reach the same result on the merits of Dkt. No. 46 for the reasons stated above.

In sum, Rhine failed to serve and file proof of service of Campos within 30 days of the Court's order, as required. He has not shown good cause for another extension of time for service, and his attempts to serve Campos did not comply with the Civil Rules or the applicable California service statutes. *See* Cal. Corp. Code §1702(a).

Accordingly, the Court orders:

1. Rhine's second motion for extension of time to serve Campos via the California Secretary of State is DENIED. Dkt. No. 40.

2. Rhine's motion for the Clerk to sign and stamp alternative summons is DENIED as moot. Dkt. No. 44.

3. Rhine's motion for extension of time of all Docket 25 scheduling dates is DENIED. Dkt. No. 46.

4. Rhine's motion to strike is DENIED. Dkt. No. 52.

5. The Court DISMISSES all claims against Campos, without prejudice.

Dated this 20th day of February, 2026.

Jamal N. Whitehead
United States District Judge

ORDER - 5