UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL RHINE, | CASE NO. 2:25-cv-00107-JNW |
| Plaintiff, | ORDER |
| v. | |
| DML CAPITAL, INC. et al., | |
| Defendants. | |

## 1.  INTRODUCTION

This matter comes before the Court on pro se Plaintiff Daniel Rhine's

omnibus motions, Dkt. Nos. 74 and 92, in which he seeks to stay this matter, extend

all scheduling-order deadlines, seal his medical records, and obtain various other

relief. The Court GRANTS the motions in part: Rhine's medical records will be

sealed, and the discovery and dispositive motion deadlines will be extended on the

limited terms set out below. The Court DENIES the motions in all other respects.

## 2.  BACKGROUND

Rhine alleges that injuries from a February 20, 2026, car accident prevent

him from litigating this action. Dkt. No. 74 at 3. The Court had previously ordered,

ORDER - 1

on the parties' stipulation, that Rhine produce written discovery responses by March 18, 2026, sit for deposition on March 23, 2026, and file any motion for reconsideration of Dkt. No. 58 by March 20, 2026. Dkt. No. 65. Rhine met none of those deadlines. On the date set for his deposition, he instead moved to stay and extend "all" deadlines—for an open-ended period—based on his ongoing recovery. Dkt. No. 74. In his reply, Rhine also asks for an extension until June 1, 2026, to file his motion for reconsideration of the Court's order in Dkt. No. 58. Dkt. No. 82 at 11. Rhine filed about 200 pages of medical reports under seal in support of his motion. He later renewed and expanded his requests, adding requests for a status conference, appointment of pro bono counsel, dismissal of Defendants' pending motions as "retaliatory," and Rule 11 sanctions against defense counsel. Dkt. No. 92. The Court resolves both motions on the papers.

## 3.  DISCUSSION

### 3.1    The Court seals Rhine's medical records.

Rhine moves to seal his medical records, Dkt. No. 74, which he submitted in support of his motion to stay. Defendants do not oppose Rhine's motion. Dkt. No. 78 at 5. The need to protect medical privacy is a compelling reason that overcomes the presumption of public access. *Vega v. Honeywell Int'l, Inc.*, No. 3:19-CV-0663 W (BGS), 2021 WL 6106424, *3 (S.D. Cal. Mar. 23, 2021) (citation omitted); *see also A.C. v. City of Santa Clara*, No. 13-CV-03276-HSG, 2015 WL 4076364, *1 (N.D. Cal. July 2, 2015) (finding that confidentiality concerns outweigh the presumption of public access to court records where medical and mental health records are

ORDER - 2

concerned). Balancing the public's right of access against Rhine's privacy interests, the Court finds that sealing these records is warranted. The Court GRANTS the motions to seal, Dkt. Nos. 74, 76.

### 3.2   Rhine's motion to stay.

Rhine moves for an indefinite stay and extension of all scheduling order deadlines while he recovers from his injuries. A scheduling order may be modified only for good cause, Fed. R. Civ. P. 16(b)(4), and the Court has broad discretion to manage its docket and to grant or deny stays. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). Good cause under Rule 16(b)(4) requires diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

The Court does not doubt that Rhine sustained injuries in his February 20, 2026, car accident. But his asserted incapacity is in tension with the record. Within the period he says he was unable to litigate, Rhine drafted and filed three substantial motions, *see* Dkt. Nos. 74, 80, 92, and a surreply, Dkt. No. 73, and engaged in extensive correspondence with defense counsel and chambers. Defendants represent—without contradiction—that Rhine produced roughly 13,135 words of motions, briefing, and emails in the relevant period. Dkt. No. 78 at 12. He has produced no treating-provider diagnosis of any functional limitation that would prevent the litigation tasks he says he cannot perform.

More importantly, Rhine has not identified any specific discovery he intends to take or needs to take from Defendants. He references "all discovery deadlines" in general terms but identifies no interrogatory, document request, deposition, or

ORDER - 3

other discovery work that he has been unable to complete because of his injury. The discovery for which he seeks more time is just his own outstanding obligations—the written responses, document production, and deposition that were the subject of a previous order, with which he did not comply. On this record, broad relief from "all" deadlines is unwarranted. Narrow, time-limited relief—enough to permit completion of the obligations Rhine had already undertaken, and to allow informed dispositive motion practice—is.

Accordingly, the Court ORDERS as follows:

(a) Within THIRTY (30) days of this order, Rhine must produce complete written discovery responses and responsive documents to Defendants and sit for deposition. He must produce his written responses and responsive documents no later than SEVEN (7) days before the scheduled deposition. The discovery cutoff is otherwise closed.

(b) Defendants may file any dispositive motions no later than THIRTY (30) days after the deadline in subparagraph (a), above. Defendants' previously filed dispositive motions, Dkt. Nos. 85 and 88, are STRICKEN WITHOUT PREJUDICE to refiling by the new deadline.

(c) Rhine has now failed to comply with three Court-ordered deadlines under Dkt. No. 65. The Court expressly warns him that any further failure to comply with Court-imposed deadlines, or any failure to appear for a properly noticed deposition, may result in sanctions, including dismissal of this case with prejudice.

ORDER - 4

(d) Any motion by Rhine for further extensions must be filed before the deadline expires and supported by a declaration from a treating medical provider that (i) identifies specific functional limitations relevant to the litigation task(s) Rhine claims he cannot perform, and (ii) provides a timeline for recovery. Bare medical records or Rhine's own declaration will not suffice.

### 3.3    Other relief sought.

Rhine's request to extend his deadline to file a motion for reconsideration of Dkt. No. 58 is DENIED. The deadline was set at his request, Dkt. No. 65, and he offers no justification beyond the incapacity arguments addressed above. The Court does not reach whether any future motion under Rule 60(b) would be timely or meritorious.

The request for a status conference is DENIED as moot. Defendants' motion to strike portions of Rhine's reply, Dkt. No. 84, is DENIED as moot; the Court has resolved the underlying motion without reliance on the contested portions.

The request for appointment of pro bono counsel is DENIED without prejudice. The decision to request pro bono counsel rests within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (internal quotation omitted). To determine whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate [their] claims pro se in light of the complexity of the legal

ORDER - 5

issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). The factors must be viewed together, but neither factor is dispositive. *Id.* at 1331.

Rhine's filings demonstrate his ability to articulate his arguments. He has not shown likely merit, and his complexity argument rests on his asserted service of Campos—a former defendant who has been dismissed. The factors do not support referral on this record.

The request to dismiss Defendants' dispositive and discovery motions as discriminatory and retaliatory is DENIED. Defendants' motions were timely filed within Court-set deadlines. Dkt. No. 25; Dkt. Nos. 59, 85, 88. Timely-filed motions are not retaliatory.

The request for Rule 11 sanctions against defense counsel is DENIED. Rhine has identified no filing made for an improper purpose, unsupported by existing law, or lacking evidentiary support. Fed. R. Civ. P. 11(b).

### 3.4    Trial date and pretrial deadlines.

The current trial date—August 10, 2026—and the remaining pretrial deadlines are no longer workable given the rulings above. Striking and resetting them after the Court rules on the anticipated dispositive motions serves judicial economy and spares the parties the expense of preparing for a trial that may not occur on the original date or, depending on the dispositive motion ruling, at all.

Accordingly, the trial date and remaining pretrial deadlines are STRICKEN. The Court will reset these deadlines, if necessary.

ORDER - 6

### 3.5    Defendants' request for fees under Rule 37.

Defendants requested fees and costs under Fed. R. Civ. P. 37(a)(5) in their motion to compel. Dkt. No. 59. The stipulated order at Dkt. No. 65 addressed compliance but did not resolve fees. The Court DEFERS ruling pending Rhine's compliance with Section 2.2.a above. If he complies fully, the Court will consider whether circumstances make an award unjust. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii). If he does not, fees will be considered as part of the Court's response to noncompliance.

### 3.6    A word of caution to Rhine.

Rhine proceeds pro se and is not an attorney, but pro se status does not exempt him from the civil rules. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

The omnibus format of Rhine's motion, Dkt. No. 74, creates multiple problems because it combines motions with different word limits and noting schedules. For example, a motion for relief from a deadline, LCR 7(d)(2) (a 14-day motion) carries different word limits and noting dates from a motion to seal, LCR 7(d)(3) (a 21-day motion). Defendants are entitled to know which response deadline and which word limit applies to each request for relief. The Local Rules contemplate discrete motions with discrete schedules. LCR 7(d). Additionally, Rhine's omnibus motions, Dkt. Nos. 74, 92, and his reply, Dkt. No. 82, do not certify the word count, LCR 7(e)(6) (requiring word count certification). His reply also exceeds the word limit of 2,100 words for 14-day motions. Rhine did not file a motion for leave to file over-length briefs under LCR 7(f). Furthermore, a motion to seal, pursuant to LCR

5(g)(3)(A) must include a meet and confer certification, which is absent from Rhine's motion, Dkt. No. 74.

Finally, the Court notes that Rhine has made ex parte communications with the Court and included the Court in his emails with Defendants. The Court reminds Rhine if he wishes to present information to the Court he can only do so through the docket, not through email.

## 4. CONCLUSION

Accordingly, the Court orders as follows:

1. Defendants motion to seal, Dkt. No. 76 is GRANTED.

2. The motion to extend deadlines, Dkt. No. 74, is GRANTED IN PART on the limited terms in section 2.2 of this order. Defendants' previously filed dispositive motions, Dkt. Nos. 85 and 88, are STRICKEN WITHOUT PREJUDICE to refiling consistent with the new deadline. Further noncompliance with Court-ordered deadlines may result in DISMISSAL OF THIS CASE.

3. The trial date and remaining pretrial deadlines are STRICKEN, to be reset, if necessary, after the Court rules on the anticipated dispositive motions.

4. Rhine's omnibus motion, Dkt. No. 92 is DENIED.

5. Defendants' motion to strike, Dkt. No. 84, is DENIED as moot.

ORDER - 8

6. Defendants' Rule 37(a)(5) fees request in connection with Dkt. No. 59 is

   DEFERRED.


Dated this 1st day of May, 2026.

Jamal N. Whitehead
United States District Judge

ORDER - 9